## ADAMS v. RICHARDSON.

A party injured by the wrongful acts of a highway surveyor may maintain an action
of trespass, as at common law, or pursue the remedy indicated by the statute.
(Comp. Stat., ch. 52, sec. 18.)

In June, 1858, Edward Richardson, the defendant, was a surveyor
of highways in a district in the town of Mason, legally appointed;
while acting in that capacity and in good faith repairing the high-
way in his district, he plowed out a ditch beside and in the highway
in front of the plaintiff's house. This action was brought in trespass
to recover damages from making said ditch. The defendant con-
tended that in his capacity as highway surveyor he might of right
do what he did, and that if thereby the plaintiff was damnified the
town was liable to pay the damages and not himself, and that
the only method of assessing them is pointed out by the 19th and
20th sections of chapter 725 of the laws of 1848, and that he could not
be considered a wrong-doer, and the action could not be maintained
against him. The plaintiff contended that the defendant, under the
circumstances above stated, was a wrong-doer, and the action prop-
erly brought. A nonsuit to be ordered, or a judgment as on a
verdict for two dollars, damages and costs to be ordered.

*J. Preston*, for the plaintiff, referred to chapter 59, sec. 16, of the
Compiled Statutes, and contended that section 16 was not repealed
by chapter 725 of the laws of 1848.

*Lull*, for the defendant, referred the court to sections 18, 19, and 20,
of chapter 725 of the laws of 1848, Comp. Stat. 136; also, to *Jones*
v. *Gibson*, 1 N. H. 273; *Roby* v. *West*, 4 N. H. 285; 21 N. H. 359.

NESMITH, J. This action is trespass against the defendant, as a
highway surveyor in the town of Mason in this county, for damages
sustained by the plaintiff in plowing out a ditch in the highway, adja-
cent to the dwelling-house of the plaintiff. The defendant claims the
protection of the statute (Comp. Stat., 136), and denies that he is
liable for the supposed injury. The first section of said statute
provides, That where the selectmen of any town in this State, or
any surveyor of highways appointed by them, or by said town,
or any person acting under them, shall make or cause to be made
any alteration in any street or highway, in such town, by raising or
lowering the same, or making a ditch on the side thereof, whereby
any dwelling-house, or other building, or any land adjoining may
be injured, the town shall be liable to pay the damages occasioned
by such alteration. The owner or owners of such house, building,
or land, may apply in writing to the selectmen of such town, to
assess the damages sustained by them, and it shall be the duty of
the selectmen to appoint a time, notify the applicant, view the
premises, and assess the damages in the same manner as is provided
in the 49th chapter of the Revised Statutes in cases of laying out
highways, and to file the same, with their doings thereon, within

thirty days from the time of receiving the application, with the town-clerk of said town, who shall record the same. The third section provides for an appeal to the Court of Common Pleas, in case the party is aggrieved in the assessment of such damages, &c.

The defendant contends that if the plaintiff has suffered an injury here, by digging the ditch in front of his dwelling-house, he was compelled to seek his remedy under the aforesaid statute. There is no doubt that the power is conferred by statute upon the plaintiff to obtain his remedy agreeably to its provisions; but still, the language of the statute appears to indicate no more than a cumulative, or additional remedy. The common law remedy is not repealed by the statute. The statute is not imperative upon the plaintiff to pursue the statute remedy and no other. We do not feel compelled to construe the word *may* here to mean *shall*. The statute doubtless intended to give the party his election to resort to the remedy pointed out by it, or the old remedy at common law. And such has been the practical construction of the statute since its passage. *Rowe* v. *Addison*, 34 N. H. 306; *Groton* v. *Haines*, and other authorities there referred to; *Callender* v. *Marsh*, 1 Pick. 417.

At common law, highway surveyors are liable in damages for any wanton, malicious, or improper acts, in making and repairing highways.

It is a familiar elementary principle, that statutes, made in derogation of the common law, must be construed strictly.

The legislature might wisely confine the remedy for the acts of highway surveyors, when not deemed wanton or malicious, to the towns under whose authority they act. Hitherto the statute law has not so provided. In this case there must therefore be

*Judgment for the plaintiff.*